[Crim. No. 27418. Second Dist., Div. One. Nov. 18, 1975.]

In re NORMAN ALLEN KEELE on Habeas Corpus.

**COUNSEL**

Merle A. Herrod, under appointment by the Court of Appeal, for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Howard J. Schwab and William R. Pounders, Deputy Attorneys General, for Respondent.

## Opinion

**LILLIE, J.**—Petitioner was convicted of voluntary manslaughter (§ 192, subd. 1), a lesser than but necessarily included offense in the charge of murder (§ 187, Pen. Code). He was 18 years of age at the time of his apprehension thus on December 9, 1974, the trial court in its discretion ordered his commitment to the California Youth Authority for the term prescribed by law. He was received by the Youth Authority on December 19, 1974. At a hearing had on January 8, 1975, the Youth Authority Board ordered that his next parole release hearing be scheduled in three years (January 1978). This three-year advance scheduling is commonly referred to as a continuance date.

Petitioner filed petition for writ of habeas corpus which this court denied on May 13, 1975; thereafter on August 6, 1975, the California Supreme Court ordered the Director of the California Youth Authority to show cause before this court why the relief prayed for should not be granted. Petitioner's sole contention is that he is entitled by virtue of section 2900.5, Penal Code to have the continuance date advanced by 331 days, the time spent in custody from the date of his arrest to the date he was committed to the Youth Authority by the trial court.

For petitioner to prevail in his prayer for relief he must show that the "back time credit" provision of section 2900.5, Penal Code should be interpreted to apply to the three-year continuance date set by the Youth Authority Board; and that the provision of section 2900.5, subdivision (a), Penal Code limiting application of the section to persons delivered to the custody of the Department of Corrections constitutes a denial of equal protection to persons committed to the Youth Authority.[1] We conclude for the following reasons that the "back time credit" provision of section 2900.5, Penal Code does not apply to petitioner's continuance date.

Section 2900.5, subdivision (a), Penal Code provides that in all felony convictions the time defendant has been in custody from the date of arrest to the date on which the serving of the sentence imposed commences, shall be credited upon his sentence.[2] In *In re Grey*, 11

---

[1]The California Youth Authority and the Department of Corrections are independent departments within the Human Relations Agency (§ 1710, Welf. & Inst. Code; § 5000, Pen. Code).

[2]Section 2900.5, subdivision (a): "In all felony convictions, either by plea or by verdict, when the defendant has been in custody in any city, county, or city and county jail, all days of custody of the defendant from the date of arrest to the date on which the serving

Cal.3d 554, 555 [114 Cal.Rptr. 104, 522 P.2d 664] and *In re Kapperman,* 11 Cal.3d 542, 546-547 [114 Cal.Rptr. 97, 522 P.2d 657], the California Supreme Court held that section 2900.5, Penal Code applies to a state prison inmate's minimum term, his maximum term, except where the maximum is life, and his minimum eligibility parole date. (See also *In re Bentley,* 43 Cal.App.3d 988, 995 [118 Cal.Rptr. 452].) Here the "maximum term"[3] of petitioner's commitment to the Youth Authority expires on his 25th birthday (§ 1771, Welf. & Inst. Code).[4] The language of neither section 2900.5, Penal Code nor the above decisions can be readily interpreted to apply "back time credit" against such a maximum term. Indeed petitioner does not contend that it can, but merely argues that section 2900.5, Penal Code applies to his present continuance date.

Petitioner's commitment has neither a statutory minimum term nor a minimum eligible parole date (see §§ 1711.3, 1766, subd. (a)(1), 1766, subd. (a)(6), Welf. & Inst. Code). Thus petitioner was eligible for release on parole at the time of the Youth Authority Board hearing of January 8, 1975, when the above continuance date was set. The Youth Authority Board is required to determine parole releases, discharges, and the like on an individual basis for each minor. (See *Bryan* v. *Superior Court,* 7 Cal.3d 575, 585 [102 Cal.Rptr. 831, 498 P.2d 1079]; *In re Minnis,* 7 Cal.3d 639 [102 Cal.Rptr. 749, 498 P.2d 997].) It would appear therefore that section 2900.5, Penal Code, as interpreted in the cases hereinabove cited, has no application to petitioner's continuance date. However, petitioner argues that in practice the three-year continuance date amounts to a minimum eligibility parole date and refers to the Youth Authority Board's "Board Policy Manual" particularly to section 30 which provides for a three-year continuance date for all persons committed to the Youth Authority for murder or manslaughter. Section 30 also provides for continuance dates of one or two years for other offenses and under other

---

of the sentence imposed commences, including days served as a condition of probation in compliance with a court order, shall be credited upon his sentence, or credited to any fine which may be imposed, at the rate of not less than twenty dollars ($20) per day, or more, in the discretion of the court imposing the sentence. If the total number of days in custody exceeds the number of days of the sentence to be imposed, the entire sentence shall be deemed to have been served. In any case where the court has imposed both a prison sentence and a fine, any days to be credited to the defendant shall first be applied to the sentence imposed, and thereafter such remaining days, if any, shall be applied to the fine."

[3]For our discussion we assume that the "term" of a Youth Authority commitment is a "term" or "sentence" in the same sense as the latter words are used in relation to state prison commitments.

[4]In certain situations not involved in the case at bench one committed to the Youth Authority pursuant to section 1771, Welfare and Institutions Code may be retained in custody beyond his 25th birthday (§§ 1780-1783, 1800-1803, Welf. & Inst. Code).

circumstances.[5] If section 30 were interpreted and implemented by the board to require a three-year continuance date for *every* person

---

[5]    "BOARD POLICY MANUAL

"DIVISION III - BOARD HEARINGS, CONTINUANCES AND REVIEWS

*"Determination of Date of Next Appearance*

"The Board determines the next appearance for all wards committed to the Youth Authority. The appearance is established by designating a continuance date or designating a case 'Board Referral'.

"Upon completion of a case study conducted in accordance with Section 1761 of the Welfare and Institutions Code, or as a result of a disposition hearing where parole has been revoked, continuance dates for specific types of cases, as set forth in the following paragraphs, shall be established at the initial hearing, except that, in those cases where, based on the evaluation of individual differences, a determination is made that a disposition other than the continuances provided under this section is appropriate, the matter shall be referred, with recommendation, to a Full Board panel for disposition. Pursuant to Section 1762 WIC, all categories shall have an annual review, at which time the Board shall take cognizance of individual differences, and the possibility of modification of the continuance may be considered at that time. Further, any requested modification of a continuance date may be initiated by staff at any time.

"I.    A three (3) year or longer continuance date shall be made for those cases committed to the Youth Authority for:

1. Murder
2. Manslaughter

   a. Voluntary

   b. Involuntary

"II.    A two (2) year or longer continuance date shall be made for those cases that receive [another commitment to the Youth Authority] or [whose parole has been revoked for any offense in Category III] when the ward has a prior conviction or sustained petition in any of the offenses listed in Categories I and III.

"III.    A one (1) year or longer continuance date shall be made for those cases committed to the Youth Authority, or whose parole has been revoked, for the following offenses:

1. Child Molestation

2. Serious Narcotic Offense—Sales or Furnishing of Dangerous Drugs or Narcotics

3. Kidnapping

4. Robbery—Grand Theft Person; Purse Snatch

5. Forcible Rape—Sex Perversion

6. Vicious Assault

committed to the Youth Authority for murder or manslaughter the practical result could be deemed to be the imposition of a nonstatutory three-year minimum eligible parole date. Under such circumstances, and assuming the legality of such a practice, considerations of equal protection might require application of the "back time credit" provisions of Penal Code section 2900.5 to the continuance date of persons committed to the Youth Authority. However, section 30 contains provisions indicative of a flexible implementation—". . . continuance dates . . . shall be established at the initial hearing, except that, in those cases where, based on the evaluation of individual differences, a determination is made that a disposition other than the [continuance date] is appropriate, the matter shall be referred, with recommendation, to a Full Board panel for disposition. Pursuant to section 1762 [Welfare and Institutions Code[6]], all categories shall have an annual review, at which time the Board shall take cognizance of individual differences, and the possibility of modification of the continuance may be considered at that time. Further, any requested modification of a continuance date may be initiated by staff at any time." Pursuant to the latter provisions of section 30, the Youth Authority Board's order of January 3, 1975, provided that a review of petitioner's case must be made in January

---

7. Arson or Fire Bombing

8. Gang or Group Violence with Physical Abuse

9. Battery on a Peace Officer

10. Childbeating

11. Burglary—First Degree

12. Incidents of Physical Assault which occur within an institution upon peace officer or staff.

13. Vehicular Manslaughter

14. Other crimes using a weapon; repetitive crimes—such as a long series of burglaries; or when a definite need for a longer program is indicated.

15. Any conspiracy involving offenses outlined in Categories I and III.

"IV. All other cases may be designated 'Board Referral', receive a shorter continuance date when placed in a training program, or may be given an immediate referral to parole."

[6]Section 1762 provides: "The Authority shall make periodic re-examinations of all persons within its control for the purpose of determining whether existing orders and dispositions in individual cases should be modified or continued in force. These examinations may be made as frequently as the Authority considers desirable and shall be made with respect to every person at intervals not exceeding one year."

1976. It appears from section 30 and from section 1762, Welfare and Institutions Code, that petitioner's three-year continuance date for parole consideration may be modified as a result of the January 1976 review.

Obviously aware of the above rules and of the possible results of the January 1976 review, petitioner nevertheless asserts that "almost all" persons committed to the Youth Authority receive the continuance date established by section 30 and that modifications of that date are "rarely recognized" by the board; but for this assertion he fails to provide any factual support even though he has the burden of establishing all facts upon which he seeks relief. (*In re Riddle,* 57 Cal.2d 848, 852 [22 Cal.Rptr. 472, 372 P.2d 304]; *In re Berry,* 43 Cal.2d 838, 846 [279 P.2d 18]; *In re Dixon,* 41 Cal.2d 756, 760 [264 P.2d 513]; *In re Circosta,* 219 Cal.App.2d 777, 785 [33 Cal.Rptr. 514].)

In addition we note recent Youth Authority statistics regarding the mean length of custody of persons committed to the authority prior to their discharge or release on parole.[7] The mean period of males committed after an adjudication or conviction of homicide is 25.8

[7]California Youth Authority, Division of Research, Information Systems Section, "Mean Institutional Length of Stay, January -June 1975," dated July 21, 1975:

| Variable | Total | | Males | | Females | |
|---|---|---|---|---|---|---|
| | Number | Mean LOS | Number | Mean LOS | Number | Mean LOS |
| Ethnic group | 1,862 | 13.0 | 1,770 | 13.0 | 92 | 12.8 |
| White | 838 | 11.9 | 785 | 11.9 | 53 | 12.2 |
| Mexican-American | 386 | 13.5 | 374 | 13.6 | 12 | 11.1 |
| Negro | 583 | 14.2 | 562 | 14.2 | 21 | 15.7 |
| Other | 55 | 13.2 | 49 | 13.4 | 6 | 12.3 |
| Offense | 1,862 | 13.0 | 1,770 | 13.0 | 92 | 12.8 |
| Homicide | 56 | 26.1 | 51 | 25.8 | 5 | 29.7 |
| Robbery | 382 | 15.4 | 372 | 15.5 | 10 | 13.2 |
| Assault | 190 | 15.3 | 178 | 15.4 | 12 | 14.5 |
| Burglary | 389 | 10.6 | 382 | 10.6 | 7 | 9.6 |
| Theft | 355 | 10.9 | 339 | 10.8 | 16 | 11.9 |
| Sex offenses | 70 | 18.5 | 70 | 18.5 | — | — |
| Drug offenses | 138 | 11.2 | 124 | 11.0 | 14 | 12.3 |
| Other Felony offenses | 62 | 14.8 | 59 | 14.6 | 3 | 18.2 |
| Other Misdemeanor offenses | 38 | 9.7 | 35 | 9.7 | 3 | 9.2 |
| W & I Code | 182 | 10.1 | 160 | 10.1 | 22 | 9.8 |

months. This is 10.2 months' less than the 3-year continuance date established for such offenses by section 30 of the board's policy manual. In order for the mean period of custody to be reduced from 3 years to 25.8 months it is clear that the board is not rigidly applying the three-year continuance date. It follows that the continuance date in the case at bench cannot be equated, in practice, to a minimum eligible parole date.

We conclude that application of the "back time credit" provision of 2900.5, Penal Code to petitioner's present continuance date to be improper and an unwise restriction upon the Youth Authority Board's duty to consider each case before it on its individual facts. (See *Bryan* v. *Superior Court,* 7 Cal.3d 575, 585 [102 Cal.Rptr. 831, 498 P.2d 1079].) In light of the foregoing conclusion we do not reach the equal protection issue.

The order to show cause is discharged and the petition is denied.

Wood, P. J., and Thompson, J., concurred.

| Variable | Total | | Males | | Females | |
|---|---|---|---|---|---|---|
| | Number | Mean LOS | Number | Mean LOS | Number | Mean LOS |
| Court | 1,862 | 13.0 | 1,770 | 13.0 | 92 | 12.8 |
| Juvenile | 930 | 13.1 | 866 | 13.1 | 64 | 13.0 |
| Criminal | 932 | 12.9 | 904 | 12.9 | 28 | 12.5 |
| Commitment | 1,862 | 13.0 | 1,770 | 13.0 | 92 | 12.8 |
| 1st admissions | 1,231 | 13.5 | 1,166 | 13.5 | 65 | 13.6 |
| Parole returns | 631 | 12.1 | 604 | 12.1 | 27 | 11.0 |
| Age | 1,862 | 13.0 | 1,770 | 13.0 | 92 | 12.8 |
| 8–16 | 178 | 9.2 | 168 | 9.2 | 10 | 9.4 |
| 17 | 215 | 11.2 | 199 | 11.2 | 16 | 11.3 |
| 18 | 292 | 12.0 | 275 | 12.0 | 17 | 12.9 |
| 19 | 354 | 14.7 | 334 | 14.6 | 20 | 15.8 |
| 20 | 405 | 13.7 | 390 | 13.8 | 15 | 12.8 |
| 21 | 230 | 14.8 | 220 | 14.9 | 10 | 13.5 |
| 22 and over | 188 | 13.2 | 184 | 13.3 | 4 | 10.8 |