*26 Opinion
WHELAN, J.*
Richard Arthur Journey, defendant, has appealed from a judgment imposing a prison sentence, and from a precedent order revoking probation.
He had been convicted of assault with a deadly weapon (Pen. Code, § 245, subd. (a)) and on May 8, 1972, was sentenced to the term prescribed by law. Execution of the sentence was suspended for three years subject to certain conditions, including the usual requirements that he report to his probation officer and refrain from committing any crimes.
On October 25, 1974, proceedings to revoke probation were scheduled before Judge Levitt. Defendant moved to disqualify Judge Levitt by filing an affidavit of prejudice under Code of Civil Procedure section 170.6. The motion to disqualify was denied and the hearing was continued to October 31, 1974.
On October 30, 1974, Judge Levitt was restrained from proceeding until further order of this court (4 Civ. No. 14296). In an opinion filed April 22, 1975, this court ruled Judge Levitt should have disqualified himself and mandated that the case be assigned to another judge (Journey v. Superior Court, 47 Cal.App.3d 408, 410-412 [120 Cal.Rptr. 897]). Two weeks later, on May 6, 1975, the district attorney asked that an evidentiary hearing be set to show why probation should not be revoked. Journey’s attorney was not able to appear the morning of May 6 and the district attorney asked that the matter be trailed until that afternoon. The court noted that probation was to expire the next day and proposed the matter be set for hearing on the morning of May 7 after notice to the parties. But, when he learned Journey was not in custody, the judge revoked probation ex parte in order to preserve the court’s jurisdiction. Journey appeared that afternoon, the bench warrant was recalled, and the matter was set for hearing on May 21, 1975.
The final revocation followed the hearing held on that date.
Defendant states his contentions in the following language:
“1. The ex parte proceedings on May 6, 1975, were improper and ineffective to revoke probation, which terminated on May 8, 1975, upon expiration of the three year term.
*27 “2. Regardless of whether summary procedures could properly be employed on May 6, 1975, the procedures actually employed were defective because of (1) the judge’s failure to make any determination that Journey had materially violated the terms of his probation, and (2) his failure to read or consider the probation report.”
Defendant contends it is improper to revoke probation ex parte to preserve jurisdiction when the probationary term would otherwise expire during the period of time necessary to hold Morrissey hearings, although he does not question the fact that Morrissey hearings to justify the revocation of probation need not be held until after the probationer is in custody (People v. Vickers, 8 Cal.3d 451, 459-460 [105 Cal.Rptr. 305, 503 P.2d 1313]).
The use of summary revocation to preserve jurisdiction is proper (People v. Vickers, supra, 8 Cal.3d 451, 460, fn. 10; In re Winn, 13 Cal.3d 694, 699 [119 Cal.Rptr. 496, 532 P.2d 144]). That is true even if the evidentiary hearing, formal revocation and sentencing all occur after the period of probation would otherwise have been completed (People v. Ham, 44 Cal.App.3d 288, 294 [118 Cal.Rptr. 591]).
Defendant argues in effect' that the termination of probation is a mechanical process dependent on the ticking of the clock. In fact it is dependent upon the successful completion of the probationary period. Defendant’s performance during that period fell short of being successful, and the revocation of probation was a probable consequence of his own conduct. Summary revocation of probation for the purpose of retaining jurisdiction in such a situation is comparable to a suspension of parole by the Adult Authority. Just as “[t]he parole period ordinarily would represent that period of time deemed appropriate for the parolee to demonstrate his readiness for complete discharge of custody” (In re Bentley, 43 Cal.App.3d 988, 993 [118 Cal.Rptr. 452], citing In re Grey, 11 Cal.3d 554, 556-557 [114 Cal.Rptr. 104, 522 P.2d 664]), so is the period of time necessary for rehabilitation under probation supervision to be completed successfully. Otherwise, it is subject to interruption. In re Bentley, supra, 43 Cal.App.3d 988, gave an instance of such an interruption of a period of parole.
Defendant argues further that there was no reason for the delay in the proceedings and if the hearing had been held earlier there would have been no need to revoke probation summarily. He points out that the order from this court restrained the judge from proceeding in this matter, *28 but did not prevent the superior court or the People from proceeding. Thus, he claims there was unnecessary delay from the date of the order, October 30, 1974, until the summary revocation on May 6, 1975. Even using the date the opinion was filed as a starting point, there were two full weeks from the time of the decision until the revocation on May 6, and defendant feels even that lapse of time was too long. However, there is no authority cited to support the proposition that a probation revocation hearing must be held immediately after a violation is discovered. Nothing suggests that if the proceedings had been held two weeks earlier, or two months earlier, probation would not have been revoked.
Defendant did not, in the trial court, demand that a revocation hearing be held before the probationary term would otherwise have expired, but agreed to a continuance of the hearing. Indeed, he waived objection to the court’s hearing the matter on May 21, when on May 6 in the afternoon the following occurred:
“The Court: All right. We will leave it up to a trial department to hear whatever allegations there are. You may be able to negotiate something after an up-to-date report is available. Mr. Neiman: Very well. The Court: How long will you need to prepare, to present evidence by way of rebutting, denying or mitigating the alleged violations, Mr. Neiman? Mr. Neiman: I don’t know, if there is a normal course of three weeks. The Court: Normal course is two weeks. If you like more, you may have it. Mr. Neiman: No, I don’t think more is desired. Mr. Journey, is May 20th satisfactory, about two weeks from today? Defendant Journey: Any time you want. The Court: About two weeks from today in Department 7? Mr. Neiman: We are not getting a firm date? The Clerk: May that date be set Wednesday, May 21, 1975, nine A.M., Department 7? The Court: Is that satisfactory? Mr. Neiman: That is satisfactory. We will appear. Mr. Journey will sign an OR release at this time.”
Nor did he object to the court’s jurisdiction to hear this matter when the evidentiary hearing was finally held on May 21, 1975.
In the trial court the defendant’s concern was not with revocation of probation, but with avoiding a prison sentence.
Defendant argues probation may not be revoked merely to retain jurisdiction, and that there must be a determination that he was in material violation of the terms of his probation. He claims no such *29 determination was made, as conclusively shown by the judge’s having to ask afterwards what the violations were at the hearing on the morning of May 6.
At the morning session of May 6, 1975, the district attorney informed the court his presence was to obtain a date for an evidentiary hearing on a probation revocation; that counsel for defendant was not able to be present and had, asked that the matter trail until afternoon. The court stated the afternoon was not available and suggested the following morning. The court also determined that May 7 was the last day of the probationary period. A telephone call was made by the district attorney to the office of defense counsel, who was not in, but for whom a message was left that the hearing would be the next morning. The court then said: “May 7th, ten o’clock. If that is not convenient, we can revoke then for the purpose of preserving jurisdiction.” The following colloquy then ensued: “The Court: May 7th, ten o’clock for this purpose. Where is Mr. Journey? Mr. Longanbach [Deputy District Attorney]: We are attempting to locate him. He is not in custody. The Court: Why can’t we simply issue a warrant in these cases, revoke ex parte, and set a hearing after he is picked up. Mr. Longanbach: That is all we want to do. Probation Officer: That would help everyone out. The Court: Strike that setting. For the purpose of preserving jurisdiction in Case 26224 probation is hereby revoked ex parte; upon what alleged violations? Probation Officer: Mr. Mershon from the Probation Department. The Court: Were these set forth in a supplemental report? Probation Officer: On 10-25-74 they were. The Court: On the grounds set forth in the 10-25-74 supplemental report.”
The minutes of the trial court for the morning of May 6, 1975 show that probation was revoked “[b]ased on the Probation Officer’s Report of October 25, 1974.”
That report alleged the following:
“On 5-17-74 defendant was arrested and charged with violation of 11357 and 11365 H&S. This matter, Case M-159136, is now set for hearing on 10-29-74 in the Municipal Court Setting and Motion Department.
“On 8-5-74 defendant was arrested and charged with Battery (242 PC). This matter, Case M-158238, was heard on 10-18-74 in Municipal Court Setting and Motion Department. Defendant pled guilty to the offense *30 charged. He was placed on summary probation for three years, assessed a fine, and ordered as a condition of this probation to use no force or violence on anyone.
“On 9-7-74 defendant was again arrested and charged with violation of 11357 H&S. This matter, Case M-159673, is presently set for hearing on 10-29-74 in the Municipal Court Setting and Motion Department.
“Defendant did not report on 10-3-74 as scheduled and has not submitted a monthly report for October, 1974.”
Thus the court summarily revoked probation for the purpose of preserving jurisdiction and for the reasons set forth in the probation report.
The court’s power to revoke probation stems from Penal Code section 1203.2, which provides in part:
“(a) At any time during the probationary period of a person ... the court may, in its discretion, issue a warrant for his rearrest. Upon such rearrest, the court may revoke and terminate such probation if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation officer or otherwise that the person has violated any of the conditions of his probation, has become abandoned to improper associates or a vicious life, or has subsequently committed other offenses, regardless whether he has been prosecuted for such offenses.
“(b) Upon ... the petition of. . . the district attorney ... the court may modify, revoke, or terminate the probation of the probationer .... The court shall give notice of its motion, and the district attorney shall give notice of his petition to the probationer and the probation officer.... The court shall refer . . . the petition to the probation officer. After the receipt of a written report from the probation officer, the court shall read and consider the report and . . . motion . . . and may . . . revoke . . . the probation of the probationer upon the grounds set forth in subdivision (a) if the interests of justice so require.”
Defendant says the judge, at the May 6 hearing, failed to acknowledge that he had read or considered the probation report as required by Penal Code section 1203.2, subdivision (b). However, it was at the May 21 hearing that the formal revocation of defendant’s *31 probation was considered. It was on that date defendant had a right to be present, to have counsel, to present witnesses, and to explain away the charges against him (People v. Vickers, supra, 8 Cal.3d 451, 459).
The quoted Penal Code section, in its requirement that the court read and consider the probation officer’s report, is speaking of a report directed to the question of a final revocation brought up to date for evidentiary hearing when the recommendations of the probation officer and all other pertinent matters contained in the report must be considered. The report of October 25, 1974, was not such a report.
The judge’s failure, if it occurred,[1] to acquaint himself with its contents before revoking probation for the purpose of retaining jurisdiction, did not deprive defendant of any substantial right.
Besides the violations charged in the October 25, 1974, probation report, there was at the evidentiary hearing a probation officer’s report dated May 21, 1975, bearing a statement it had been read and considered, signed by the trial judge, and evidence of additional convictions, admitted by defendant, of having pleaded guilty on April 11, 1975, to a violation of Penal Code section 136, subdivision (a), dissuading a witness, a misdemeanor; and of having pleaded guilty to possession of marijuana on April 17, 1975.
The requirements of due process were observed in the proceedings under review.
The judgment is affirmed.
Brown (Gerald), P. J., and Cologne, J., concurred.
A petition for a rehearing was denied May 18, 1976, and appellant’s petition for a hearing by the Supreme Court was denied July 1, 1976.

Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

The transcript suggests there was a statement made by the probation officer who was present in court, which was not reported.