[Crim. No. 17156. In Bank. May 23, 1974.]

In re HARRINGTON BERNARD GREY on Habeas Corpus.

## Counsel

Frank M. Ennix for Petitioner.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, Russell Iungerich and William R. Pounders, Deputy Attorneys General, for Respondent.

## Opinion

**BURKE, J.**—This case concerns the application to a parolee of precommitment custody time credit required by section 2900.5 of the Penal Code under our holding in *In re Kapperman, ante,* page 542 [114 Cal.Rptr. 97, 522 P.2d 657].[1] Under the rationale of *Kapperman,* petitioner is entitled to credit for the time he served in county jail while appealing his conviction, but that credit is only to be applied against the statutory maximum and minimum of his offense. Consequently, despite petitioner's contention herein, the credit does not advance the parole termination date fixed by the Adult Authority so long as the credited time, plus the prison and parole time already served or to be served, does not exceed the maximum term. (See *In re Kapperman, supra, ante,* p. 547, fn. 5.)

---

[1] In *Kapperman* we hold that the equal protection guarantees of the United States and California Constitutions require that credit for time in custody prior to commencement of sentence under Penal Code section 2900.5 must be extended to *all* felony offenders regardless of the date of their commitment to state prison. In light of that holding we need not consider the People's contention here that petitioner is not entitled to credit because he was not an indigent and because denial of bail during his appeal was a proper exercise of discretion. (See *In re Young,* 32 Cal.App.3d 68 [107 Cal.Rptr. 915].)

Petitioner was convicted in 1967 of one count of forgery (Pen. Code, § 470) and sentenced to a term of 6 months to 14 years commencing on April 28, 1967. In 1969 the Adult Authority fixed his term at six years, with parole granted for three of those years beginning April 28, 1970, and terminating on April 28, 1973. Shortly before that termination date, on March 16, 1973, petitioner was taken into custody on a charge of forgery. He was subsequently charged with violation of parole, a parole hold was placed upon him, and his term was refixed at the statutory maximum of 14 years. Although this 14-year maximum already has been reduced by reason of petitioner's precommitment custody time credit, he maintains that the credit should have been applied to advance, retroactively, his April 28, 1973, discharge date. Under petitioner's theory his parole must be deemed to have terminated before the March 1973 forgery charge was made and thus the subsequent parole hold and refixing of sentence were improper.[2]

Petitioner's theory must be rejected as inconsistent with the policy behind our Indeterminate Sentencing Law and the parole system. As indicated in *In re Kapperman, ante,* this policy reflects an emphasis on reformation of the offender, a policy which the Legislature has sought to effectuate by giving broad discretionary powers to the Adult Authority. The terms of incarceration and parole are to be fixed in accordance with the adjustment and social rehabilitation of the prisoner after consideration of the merits of each individual case. (See also *In re Minnis,* 7 Cal.3d 639, 644 [102 Cal.Rptr. 749, 498 P.2d 997].) The members of the Adult Authority presumably are selected for their experience and expertise in the field of prisoner rehabilitation; the Authority's discretionary determinations are not to be lightly overridden.

Application of section 2900.5 credit to advance the parole termination date would, of course, interfere with the Authority's discretionary functions. The parole period ordinarily would represent that period of time deemed appropriate for the parolee to demonstrate his readiness for complete discharge of custody. A reduction of that period by reason of a time credit could result in premature termination of parole supervision. Nothing in the language of section 2900.5 suggests that the credit is to be applied to the parole termination date, and the equal protection principles involved in *In re Kapperman, ante,* do not require such a result. Consequently, it is only in those cases wherein the credited time, plus the prison

---

[2]After the parole board has fixed a prisoner's term at less than maximum, it can refix the term at any time before the previously fixed term has expired. (Pen. Code, § 3020.)

and parole time already served or to be served, would exceed the maximum term that a retroactive credit under section 2900.5 can result in parole termination prior to the date fixed by the Adult Authority.

Petitioner has already properly received precommitment custody time credit on his maximum sentence. Accordingly, the order to show cause issued by this court is discharged and the petition for writ of habeas corpus is denied.

Wright, C. J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.

**CLARK, J.**—I concur in denying the writ, but, for the reasons stated in my dissenting opinion in *In re Kapperman, ante,* page 542, at page 551 [114 Cal.Rptr. 97, 522 P.2d 657], dissent from holding that petitioner is entitled to credit under Penal Code section 2900.5 for time served in county jail pending appeal.

McComb, J., concurred.