[Crim. No. 12755. First Dist., Div. One. July 2, 1974.]

In re L. D. PEARCE on Habeas Corpus.

COUNSEL

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and Thomas A. Brady, Deputy Attorneys General, for Appellant.

Tommie W. Whitener, under appointment by the Court of Appeal, for Respondent.

OPINION

**ELKINGTON, J.**—Petitioner Pearce was convicted as a person who having previously been convicted of a felony, was found to have been in possession of a concealable firearm. (Pen. Code, § 12021.) He was sentenced to state prison for that offense, May 8, 1964. He escaped from prison on August 23, 1965 (in violation of Pen. Code, § 4530, subd. (b)) and was apprehended February 19, 1966. He was thereafter convicted of that crime also; the sentence was ordered to run consecutively with his sentence on the Penal Code section 12021 conviction. Each of Pearce's sentences was fixed at three years, and he was paroled December 11, 1968. Thereafter, March 14, 1969, his parole was suspended for some here unchallenged cause by California's Adult Authority.

On July 8, 1969, Pearce was apprehended and placed in jail in Alabama solely because of his suspended parole. He successfully resisted extradition to California in Alabama's courts for 15 months, after which he was returned to California's state prison on October 8, 1970.

The Adult Authority allowed Pearce no credit on his terms of imprisonment for the period March 1, 1969 to October 1, 1970, which latter date was the first day on which Alabama permitted California to return him to prison.

On Pearce's petition to the superior court for a writ of habeas corpus, it was ordered, among other things, that he be credited on his California prison terms with the time that he had spent in custody in Alabama while resisting extradition. The People have appealed from that portion of the order.

Established are the facts: (1) that Pearce was held in Alabama's custody solely on account of the Adult Authority's order suspending his parole, and (2) that during his Alabama confinement while resisting extradition, California had no power to return him to prison for service of the remainder of his term.

Critical to the appeal is Penal Code section 3064, which states the following: "From and after the suspension or revocation of the parole of any prisoner and until his return to custody he shall be deemed an escape and fugitive from justice and no part of the time during which he is an escape and fugitive from justice shall be part of his term."

The statute's phrase, "return to custody," beyond any doubt means return to the custody of California's prison authorities. And in the instant context the word "custody" has a certain connotation; it means "control of a . . . person with such actual or constructive possession as fulfills the purpose of the law . . . ." (Webster's Third New Internat. Dict. (Unabridged).)

Here California, and its prison authorities, obviously had no actual control over, or possession of, the person of Pearce during the period in question. Nor may it reasonably be said that Alabama's declination to deliver him pending the uncertain eventuality of the extradition proceedings, nevertheless constituted such constructive custody or possession by California as fulfilled the purpose of the law.

Since during the pendency of Pearce's extradition proceedings, California had neither his custody nor power to return him to custody, the plain

language of Penal Code section 3064, tells us that he must be deemed an "escapee and fugitive," not entitled to credit on his California prison terms, for the time served in Alabama's jails while resisting extradition. ■ "It is a primary rule that 'courts are bound to give effect to statutes according to the usual, ordinary import of the language employed in framing them.' . . ." (*Chavez* v. *Sargent*, 52 Cal.2d 162, 203 [339 P.2d 801] [disapproved on other grounds, *Petri Cleaners, Inc.* v. *Automotive Employees, etc., Local No. 88*, 53 Cal.2d 455, 475 [2 Cal.Rptr. 470, 349 P.2d 76)].)

■ A similar conclusion was reached in *In re Yutze*, 69 Cal.2d 389, 394 [71 Cal.Rptr. 673, 445 P.2d 289]. There the court held "that under section 3064 the Adult Authority may not disregard or add to the prison term time spent in jail under its own orders suspending, cancelling, or revoking parole. . . ." But the court made it clear that unless "the Adult Authority *had the power* to secure the prisoner's reasonably prompt return to prison" such credit for jail time served was not required. (Italics added.)

While it is true as contended by Pearce that his Alabama jail time was served only because of the Adult Authority's order suspending his parole, service of that time must be deemed incidental to California's unsuccessful efforts to return him to prison. It may not, as we have pointed out, reasonably be deemed his "return to custody" of the California prison authorities.

We observe that no contention of unconstitutionality is made with respect to Penal Code section 3064. Nor do we ourselves observe any such constitutional fault. Particularly, there is not existent here denial of equal protection of the laws, such as was found in the case of *In re Young*, 32 Cal.App.3d 68 [107 Cal.Rptr. 915]. In the absence of constitutional transgression the plain language of the statute must be respected.

The recent cases of *In re Kapperman*, 11 Cal.3d 542 [114 Cal.Rptr. 97, 522 P.2d 657], and *In.re Grey*, 11 Cal.3d 554 [114 Cal.Rptr. 104, 522 P.2d 664], are found to be inapposite on this appeal. They concern Penal Code section 2900.5 providing generally for credit on a felony conviction for all county jail time served prior to sentence as a result of the charge leading to the conviction.

For the reasons stated, the portion of the superior court's order crediting Pearce with the Alabama jail time served by him while resisting extradition to California, is reversed.

Molinari, P. J., and Sims, J., concurred.

A petition for a rehearing was denied July 31, 1974, and petitioner's application for a hearing by the Supreme Court was denied August 28, 1974.