[Crim. No. 16222. Fourth Dist., Div. Two. Dec. 4, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM JESSE UNDERWOOD, Defendant and Appellant.

COUNSEL

William Jesse Underwood, in pro. per., for Defendant and Appellant.

John K. Van de Kamp, Attorney General, John W. Carney and Yvonne H. Behart, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**THE COURT.**\*—Defendant pleaded guilty to escape (Pen. Code, § 4530). Eight months after sentencing, defendant, a state prison inmate, filed a post-judgment motion for custody credits against his escape sentence for time spent in Florida custody pending extradition to California on the escape charge. The trial court denied the motion and defendant brought this appeal. We conclude that defendant has made a prima facie showing that he is entitled to custody credits against his escape sentence.

### FACTS

According to the probation report, on April 18, 1982, the defendant and another prisoner took a state vehicle and drove away from the Owens Valley Conservation Camp. The report stated that defendant remained at large until arrested. The probation report provided no information concerning when or where defendant was arrested and when he came into California custody. A statement in mitigation offered at sentencing indicated that defendant had surrendered to Florida authorities.

At the sentencing hearing defendant's counsel asked if defendant was to receive credits for his custody time in Florida. The court declined any such credits stating: "The reason he doesn't receive any credit for time served, Counsel, is that that credit is either—is applied to the sentence that he is presently receiving I assume." The court added, "I tried to give credit for time served in one of these cases and the California Department of Justice or the Board of Prison Terms corrected me rather emphatically." For the escape defendant was sentenced to state prison for two years, to be served consecutively to the sentence he was serving at the time of escape. Apparently, defendant did not file an appeal from the escape judgment.

Defendant's motion for credits stated that after apprehension by the Florida authorities he challenged extradition to California. The motion stated

---

\*Before Morris, P. J., Kaufman, J., and McDaniel, J.

that he was apprehended by Florida authorities on September 7, 1982, and remained in their custody until January 20, 1983, when he was extradited to California. Attachments to the motion appeared to substantiate that defendant was in Florida custody from September 7, 1982, until January 20, 1983, awaiting California extradition. Another attachment consisted of a notice of detainer dated September 10, 1982, from the California Department of Corrections to the sheriff in Levy County, Florida. The record before us suggests that the California matter was the sole basis of defendant's Florida custody and we proceed with that understanding.

DISCUSSION

A. DISMISSAL

■ In reliance on *People* v. *Lynn* (1978) 87 Cal.App.3d 591 [151 Cal.Rptr. 562], the People contend we should dismiss the appeal. At sentencing in *Lynn* the court denied defendant's request for custody credits. No appeal was filed. Six months later the defendant filed a motion for the same credits and presented the same argument as at sentencing. The motion was denied and the defendant appealed. The *Lynn* court dismissed the appeal because defendant could have raised the credit issue by an appeal from the original judgment and failed to do so.

*People* v. *Olken* (1981) 125 Cal.App.3d 1064, 1067 [178 Cal.Rptr. 497], is the only published decision citing *Lynn*. While *Olken* is in accord with *Lynn,* it qualified its agreement by also considering whether a basis of relief was established if the appeal was treated as a petition for writ of habeas corpus.

*Lynn* gave no consideration to whether on a record suggesting that the request for credit has merit, the failure timely to raise it would be remediable under constitutional principles if not by belated application under the statutes governing presentence custody credit. *Lynn* did not consider whether a defendant could permanently waive credits to which he was otherwise entitled by the simple failure to file a notice of appeal. Unlike this case, *Lynn* involved a defendant who was on probation and who was not then serving the sentence on which credit was sought. Moreover, here the credit issue was not fully argued and the full facts concerning it were not presented at the sentencing hearing. The trial court did not fulfill its statutory obligation to ascertain the appropriate amount of presentence custody credits to which defendant was entitled. We decline to apply *Lynn* under the circumstances of this case.

## B. Credit on the Original Term

Correctly, defendant seeks the credits against the consecutive escape sentence rather than against the underlying sentence from which he escaped. The sentencing court assumed that defendant was entitled to credits but thought they would be administratively applied against the escape sentence. It is clear that defendant was not entitled to his Florida custody time against the underlying sentence from which he escaped. ■ Although our Supreme Court has said that a defendant is entitled to credit for time spent in a foreign jail resisting extradition, that rule applies only where the person is merely charged with a crime, as contrasted with already having been tried and convicted of a crime. (*In re Watson* (1977) 19 Cal.3d 646, 650-651, 654 [139 Cal.Rptr. 609, 566 P.2d 243].) In *Watson* the Supreme Court distinguished its rule from *In re Pearce* (1974) 40 Cal.App.3d 399 [115 Cal.Rptr. 222], which disallowed such credits to a fugitive from justice within the scope of Penal Code section 3064.[1]

In *Pearce,* the defendant's parole was suspended and he became an escapee. Thereafter he was apprehended and placed in jail in Alabama solely because of the suspended California parole. He resisted extradition to California in the Alabama courts for 15 months. Upon his return to state prison in California, he was refused credits on his prison term for the period during which he fought extradition and was not available to the California authorities.

*Pearce* noted that during the time the defendant resisted extradition, California had no power to return him to prison for service of the remainder of his prison term. *Pearce* concluded that until the defendant was physically available to be returned to California custody, Penal Code section 3064 precluded the application of credits against the prison sentence for the custody period spent in the foreign jurisdiction.

■ Penal Code section 2900, subdivision (c)(2), is applicable here and provides that time served in an institution designated by the Director of Corrections shall be credited as service of the term of imprisonment except "[i]f a prisoner escapes from the custody and jurisdiction of the Director of Corrections, the prisoner shall be deemed an escapee and fugitive from justice, until the prisoner is available to return to the custody of the Director of Corrections or the State of California. Time during which the prisoner is an escapee shall not be credited as service of the prison term." The

---

[1]Penal Code section 3064 provides: "From and after the suspension or revocation of the parole of any prisoner and until his return to custody he is an escapee and fugitive from justice and no part of the time during which he is an escapee and fugitive from justice shall be part of his term."

statutory language demonstrates that there is to be no credit against the prison term until the escapee is *"available to return* to the custody of the Director of Corrections or the State of California." (Italics added.) The concept of availability to a custodian within the meaning of Penal Code section 2900 has been taken to mean that the prisoner is presently available for transfer to the custodian. (See, e.g., *In re Tomlin* (1966) 241 Cal.App.2d 668 [50 Cal.Rptr. 805]; *In re Riddle* (1966) 240 Cal.App.2d 707 [49 Cal.Rptr. 919].)

It is fundamental that an escapee in the custody of another state is not available to return to the custody of the State of California until the other jurisdiction is willing to release the person to California custody. Thus, it is equally fundamental that the mere apprehension of an escapee in another state, and even the filing of a detainer by the State of California, does not render the escapee automatically available to return to the custody of the Director of Corrections or the State of California. Until the escapee is available to return to the custody of the Director of Corrections or the State of California (Pen. Code, § 2900, subdivision (c)(2)), the escapee is not entitled to credits for time spent in the custody of the other jurisdiction against the prison sentence from which he escaped.

Defendant was not entitled to custody credits for his Florida time against the underlying state prison sentence from which he escaped.

## C. Credit Against the Escape Sentence

 Defendant contends that he was entitled to credits for his Florida custody time against the new escape sentence. In the usual situation, when a state prison inmate is charged with a new offense there is no presentence custody credit given against the sentence on the new offense because the defendant's liberty interest was not at stake as he was already an incarcerated state prisoner. (*In re Rojas* (1979) 23 Cal.3d 152, 155-156 [151 Cal.Rptr. 649, 588 P.2d 789].) Here, unlike *Rojas,* at the time defendant was in Florida custody he was not actually serving his California prison term.

*In re Atiles* (1983) 33 Cal.3d 805 [191 Cal.Rptr. 452, 662 P.2d 910] said, "[i]n determining whether custody for which credit is sought under section 2900.5 is 'attributable to proceedings leading to the conviction,' the sentencing court is not required to eliminate all other possible bases for the defendant's presentence incarceration. The court need only determine that the defendant was not already serving a term for an unrelated offense when restraints related to the new charge were imposed on him, and the conduct related to the new charge is a basis for those restraints." (At p. 810, fn.

omitted.) It is not controlling that defendant may have been subject to other restraints on his liberty. (*Id.*, at p. 811.)

As discussed earlier, the Florida custody time spent fighting extradition could not be credited on the underlying state prison sentence from which he escaped. At the time of the extradition proceedings the escape offense was simply a charged crime for which defendant had not been tried or convicted. Thus, under the rule of *In re Watson, supra,* 19 Cal.3d 646, defendant was entitled to credit on the escape sentence for his time spent in a foreign jurisdiction fighting extradition to California.

The defendant's motion for credits presented a prima facie showing that the Florida incarceration period was related to the California escape. The court should have required a written response from the prosecution and/or a supplemental report from the probation officer setting forth the factual situation concerning defendant's custody time in California and elsewhere as it related to the escape matter.

## DISPOSITION

The trial court is directed to ascertain whether the Florida custody time was attributable to the California escape. If so, the trial court must grant the appropriate amount of credits against the escape sentence. However, if the trial court determines that any part of the Florida incarceration time was actually credited by the California state prison authorities to the defendant's original state prison sentence, then there is no entitlement to credits for that same period against the escape sentence.

Reversed.