Filed 9/30/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>     v.<br><br>EVAN TAYLOR ARMOGEDA,<br><br>   Defendant and Appellant. | G051197<br><br>(Super. Ct. No. 11WF0192)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Vickie L. Hix, Temporary Judge. (Pursuant to Cal. Const., art. VI, § 21.) Affirmed in part, reversed in part, and remanded with directions.

Steven J. Carroll, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Annie Featherman Fraser and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Evan Taylor Armogeda contends the court erred when it resentenced him to a misdemeanor and imposed parole pursuant to Penal Code section 1170.18, subdivisions (a), (b), and (d).[1] Alternatively, defendant contends his excess custody credits should be counted against his parole time and outstanding fines. He further contends his restitution fine and parole revocation fine must be reduced.

We affirm the court's imposition of parole. We also affirm the court's setting of the dollar amount of defendant's restitution fine and parole revocation fine. But the court erred by failing to credit defendant's excess custody days against his parole time and eligible fines. Accordingly, we remand this matter to the trial court for a recalculation of his parole period and fines.

FACTS

On January 31, 2011, defendant pleaded guilty to felony possession of heroin in violation of Health and Safety Code section 11350, subdivision (a). The court sentenced him to two years in state prison.[2] In 2013, he was released to postrelease community supervision (PRCS) for a period of around three years.

In December 2014, while defendant was still serving PRCS,[3] he petitioned under section 1170.18 for the reduction of his 2011 felony conviction to a misdemeanor conviction. Defendant alleged he had completed his sentence.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] The court initially suspended execution of sentence pending defendant's successful completion of a Salvation Army program. The court subsequently imposed the two-year prison sentence after defendant admitted he had violated his probation.

[3] The record is sparse concerning defendant's supervision. Based on the comments of the court and defense counsel at the December 19, 2014 hearing on defendant's section 1170.18 petition, defendant had been "supervised by probation" for

At the hearing on defendant's section 1170.18 petition, the court found defendant was still serving his sentence because he was still being "supervised by probation." Accordingly, the court imposed a jail sentence of time served, and imposed one year of parole. The court gave defendant no custody credit against his parole period and fines. The court imposed a $200 state restitution fine and a $200 parole revocation fine.

DISCUSSION

*Proposition 47 and Section 1170.18*

Proposition 47 reclassified certain drug- and theft-related offenses from felonies (or wobblers) to misdemeanors. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091-1092.) The measure reduced "penalties for certain offenders convicted of nonserious and nonviolent property and drug crimes." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) analysis of Prop. 47 by Legislative Analyst, p. 35.) As part of Proposition 47, the electorate enacted section 1170.18. (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.)

Section 1170.18 applies to persons convicted of a reclassified offense prior to Proposition 47's effective date, and allows them to petition the court for reduction of the felony to a misdemeanor. The statute distinguishes between petitioners who are still *serving* a sentence and those who have *completed* a sentence.

A person "currently serving a sentence" for a felony conviction of a reclassified offense may petition for recall of the felony sentence under subdivision (a) of

_____

almost two years at the time of the hearing and the supervision was due to expire in about eight months. On appeal defendant does not dispute that he was serving PRCS at the time he filed his section 1170.18 petition.

3

section 1170.18.[4]  Under subdivision (b), the court must recall the felony sentence of a petitioner eligible under subdivision (a), and resentence the petitioner to a misdemeanor unless the court determines that doing so would unreasonably endanger the public. Under subdivision (d), a person resentenced under subdivision (b) is "given credit for time served" and is generally "subject to parole for one year following completion of his or her sentence . . . ."

A person who has "completed his or her sentence" for a felony conviction of a reclassified offense may apply to have the conviction designated a misdemeanor under subdivision (f).  Subdivision (f) does *not* provide for a period of parole.

*Because Defendant was Still Serving a Sentence, the Court Properly Imposed Parole*

Defendant contends the word "sentence," as used in subdivisions (a) and (f), means "prison term."  He concludes he completed his "sentence" (within the meaning of subdivision (f)) before filing his section 1170.18 petition, even though he was still serving PRCS.

The word "sentence" — as used in subdivision (a) ("currently serving a sentence") and subdivision (f) ("completed his or her sentence") — is ambiguous.  As defendant suggests, "sentence" might include only a defendant's prison term.  On the other hand, "sentence" might encompass both the prison term *and* the corresponding period of parole or PRCS.

Because the word "sentence" in subdivisions (a) and (f) is ambiguous, we independently construe those subdivisions in light of (1) the statute as a whole, (2) the overall statutory scheme of which it is a part, and (3) the intent of the voters who enacted Proposition 47.  (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 901.)[5]

---

[4] References to a statutory subdivision apply to section 1170.18 unless otherwise stated.

[5] Reviewing courts interpret statutes de novo (*Burden v. Snowden* (1992) 2

4

We first examine section 1170.18 as a whole. The statute uses the word "sentence" differently in subdivisions (a), (b), and (f) than in subdivision (d). In subdivisions (a), (b), and (f), "sentence" refers to a pre-Proposition 47 *felony* sentence. Subdivision (a) applies to a "person currently serving a sentence for a conviction . . . of a *felony or felonies*" (italics added), subdivision (b) provides for the recall of "the petitioner's *felony* sentence" (italics added), and subdivision (f) applies to a "person who has completed his or her sentence for a conviction . . . of a *felony or felonies* . . . ." (italics added). In contrast, subdivision (d) provides that a "resentenced" person "shall be subject to parole for one year following completion of his or her *sentence* . . . ." (italics added), thus referring to the new *misdemeanor* sentence to which the court has resentenced the person. Thus, the misdemeanor "sentence" in subdivision (d) includes only the prison term. But this does *not* answer the question of whether the determinate felony "sentence" in subdivisions (a) and (f) includes a prison term *and* a period of parole/PRCS. Rather, section 1170.18, viewed as a whole, reinforces the reality that the word "sentence" is ambiguous and can be used in different ways.

We turn to the interpretative aid of the overall statutory scheme governing determinate felony sentences. Section 3000 expressly applies to such sentences, i.e., sentences "resulting in imprisonment in the state prison pursuant to Section 1168 or 1170 . . . ." (§ 3000, subd. (a)(1).) Section 3000, subdivision (a)(1) mandates that a determinate felony sentence "shall include" a period of parole supervision or PRCS. Section 1170, subdivision (c) recognizes this expansive scope of a determinate felony sentence, providing in relevant part: "The court shall state the reasons for its sentence choice [of the low, middle, or upper prison term] on the record at the time of sentencing. The court shall also inform the defendant that *as part of the sentence after expiration of the term* he or she may be on parole for a period as provided in Section 3000." (Italics

Cal.4th 556, 562), including statutes added to the Penal Code by the passage of a ballot initiative (*People v. Park* (2013) 56 Cal.4th 782, 796).

added; see *In re Sosa* (1980) 102 Cal.App.3d 1002, 1105 (*Sosa*) [§ 1170 is part of "a comprehensive scheme to provide 'uniformity of sentences' for like offenses"].) These statutes are clear: a determinate felony sentence includes a prison term *and* a period of parole/PRCS.

We presume that the voters who enacted Proposition 47, and the proposition's drafters, were aware that the law defines a determinate felony sentence to include a prison term and a period of parole/PRCS.[6] (*People v. Weidert* (1985) 39 Cal.3d 836, 844 [enacting body deemed to be aware of existing law and judicial construction in effect when initiative legislation is enacted]; *Horwich v. Superior Court* (1999) 21 Cal.4th 272, 283 [electorate and drafters of initiative statute deemed to be aware of existing law].) Accordingly, we presume the voters and the drafters intended subdivisions (a) and (f)'s felony "sentence" to include a prison term and a period of parole/PRCS.

We conclude the word "sentence," as used in subdivisions (a) and (f), includes a prison term and a corresponding period of parole or PRCS.

Defendant relies on *People v. Nuckles* (2013) 56 Cal.4th 601 (*Nuckles*), which concerned section 32's definition of an "accessory" as a person who, "'after a felony has been committed, . . . aids a principal in such felony, with the intent that said principal may . . . escape from . . . *punishment* . . . .'" (*id*. at p. 605). Our Supreme Court concluded that parole is part of the punishment (*id*. at p. 608), and thus a "person who intentionally aids a parolee in absconding from parole supervision qualifies as an

---

6

      Proposition 47 was enacted by the voters on November 4, 2014, and went into effect the next day. (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.) Section 1170, subdivision (c) was last amended in 2008. (Stats. 2008, ch. 179, § 180, superseded by Stats. 2008, ch. 416, § 1.) Section 3000 was last amended effective September 2014. (Stats. 2014, ch. 442, § 11.) In October 2014, we stated in *Williams v. Superior Court* (2014) 230 Cal.App.4th 636, 650, that the "sentence of a felon sent to *prison* must generally 'include a period of parole supervision or [PRCS].'"

6

accessory" (*id*. at p. 605). In reaching that conclusion, our Supreme Court distinguished "sentencing" from "parole": "Although parole constitutes a distinct phase from the underlying prison sentence, a period of parole following a prison term has generally been acknowledged as a form of punishment." (*Id*. at p. 609.)

Thus, *Nuckles* uses the phrase "underlying prison sentence" synonymously with "prison term." (*Nuckles*, *supra*, 56 Cal.4th at p. 609.) In this way, *Nuckles* (like § 1170.18 viewed as a whole) simply reinforces the notion that the word "sentence" is ambiguous and can be used in different ways.[7] Moreover, *Nuckles* actually supports our holding: Relying on section 3000, subdivision (a)(1), *Nuckles* stated that "parole is a mandatory component of any prison sentence." (*Nuckles*, at p. 609.)

Because defendant was still serving PRCS when he filed his petition, he was serving his sentence within the meaning of subdivision (a), and was thus subject to subdivision (d)'s one-year parole requirement.

*The Court Erred by Failing to Credit Defendant's Excess Custody Credits Against His Parole Period and Eligible Fines*

Defendant contends that, even if he is subject to the parole requirement, the court erred by failing to apply his excess custody credits against his parole period and fines.[8] We agree. Section 2900.5 mandates that a defendant's excess custody credits be applied to reduce his or her parole period and eligible fines.

---

[7] In his reply brief, defendant argues section 1170, subdivision (a)(3) supports his position. In fairness to respondent parties, we do not address arguments raised in an appellant's reply brief. (*Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289, 1295.)

[8] Defendant has not forfeited this argument; his counsel below objected to imposition of parole because defendant had served two years in prison and almost two years of PRCS.

7

Section 2900.5 provides that when a defendant convicted of a felony or misdemeanor has been in custody, his or her days of custody "shall be credited" against the "term of imprisonment" or to any fine. (§ 2900.5, subd. (a).)[9] The statute defines "'term of imprisonment'" to include parole. (§ 2900.5, subd. (c).) Custody credit must first be applied to reduce some or all of the term of imprisonment, with any remaining credit applied against fines. (*Id*., subd. (a).) But credit may not reduce a restitution fine. (See § 1205, subd. (f).)

Section 2900.5 serves two important legislative purposes. The first concerns a defendant's *presentence* custody. By mandating credit for presentence custody, the statute eliminates "the unequal treatment suffered by indigent defendants who, because of their inability to post bail, serve a longer overall confinement for a given offense than their wealthier counterparts." (*In re Joyner* (1989) 48 Cal.3d 487, 494.) The second goal is not limited to presentence custody only. By giving a defendant credit for *all* excess custody days, section 2900.5 strives to equalize "the actual time served in custody by defendants convicted of the same offense." (*Joyner*, at p. 494.) Thus, section 2900.5 aims to treat indigent defendants more fairly and to equalize punishment for like offenses.

These goals are no less vital in the post-Proposition 47 legal landscape. Indigent (and other) defendants convicted of reclassified offenses prior to the proposition's effective date, may have languished in presentence custody. Presentence

---

[9] Section 2900.5, subdivision (a) provides that the defendant's days of custody must be credited against the term of imprisonment and to any fine "at the rate of not less than thirty dollars ($30) per day, or more, in the *discretion* of the court imposing the sentence." (Italics added.) The statute's legislative history reveals this discretion relates only to increasing the daily dollar rate for custody credit against fines: "This bill provides that a defendant convicted of a felony must be given credit for any time spent in custody prior to the time he begins serving his sentence. [¶] If the defendant is fined, he is to be credited at a rate of not less than $20 per day. He can be credited for more if the court so desires." (Assem. Com. on Crim. Justice, on Assem. Bill No. 1237 (1971 Reg. Sess.) May 18, 1971.)

custody is effectively a form of incarceration:  Section 2900.5 reflects "'the basic philosophy that when a person is incarcerated he is being punished by the reality of incarceration.'" (*In re Watson* (1977) 19 Cal.3d 646, 651.)  Moreover, Proposition 47 has created a divide between misdemeanants convicted of reclassified offenses on or after November 5, 2014, and felons convicted of those same crimes prior to that date.  Such felons may have been incarcerated longer than their post-Proposition 47 misdemeanant counterparts will be.  This discrepancy in punishment is further exacerbated by subdivision (d)'s one-year parole period for resentenced defendants only.  Application of section 2900.5 excess custody credits against the subdivision (d) parole period will serve to narrow the gap in severity of punishment between pre- and post-Proposition 47 perpetrators of reclassified offenses.

Appellate courts have followed the plain language of section 2900.5 by applying it to traditional parole.  (*Sosa*, *supra*, 102 Cal.App.3d at p. 1006; *In re Ballard* (1981) 115 Cal.App.3d 647, 649 (*Ballard*); *People v. Espinosa* (2014) 226 Cal.App.4th 635, 638 (*Espinosa*).)  In *Sosa*, the Attorney General argued "parole is intended to assist the reintegration of the offender into society, both for his benefit and for the public safety during the critical period immediately following incarceration [citation]; and to cancel that valuable program as a tradeoff for presentence confinement deprives both the offender and the public of a potentially valuable service." (*Sosa*, *supra*, 102 Cal.App.3d at p. 1006.)  But the Court of Appeal stated:  "The same observation may be made with respect to many of the consequences of section 2900.5.  Nevertheless the Legislature has seen fit to require that credit be given for presentence custody of any nature, as a reduction of postsentence confinement *irrespective of the nature or purpose of the latter*." (*Ibid.*, italics added.)  *Sosa* — issued almost three years after the passage of the determinate sentencing law — involved a defendant who was originally sentenced to an indeterminate term, but then resentenced to a determinate term pursuant to section 1170.2.  (*Sosa*, at p. 1004.)  Sosa noted that "neither subdivision (a) nor (c) [of section

9

2900.5] makes any distinction between" determinate and indeterminate sentences. (*Id.* at p. 1005.)

*Ballard*, too, recognized that a prisoner "is normally returned to freedom by way of a transitional period of parole supervision and surveillance." (*Ballard*, *supra*, 115 Cal.App.3d at p. 649.) Nevertheless, the Court of Appeal ordered that the defendant's presentence conduct credits be applied to shorten his parole period under section 2900.5, in the interests of "fundamental fairness," where administrative delay had prevented the timely application of such credits against the defendant's prison term. (*Ballard*, at pp. 649-650.)

*Espinosa* stated, "Where the presentence credits exceed the total state prison term, the excess credits, commonly known as *Sosa* credits, are deducted from the defendant's parole period." (*Espinosa*, *supra*, 226 Cal.App.4th at p. 638.) *Espinosa* interpreted section 2900.5, and held that "a 'term of imprisonment and parole' does not include PRCS." (*Espinosa,* at p. 638.) *Espinosa* distinguished PRCS from parole in three ways. First, in the wake of the 2011 Criminal Justice Realignment Act (Stats. 2011, ch. 15, § 1), "a felon participating in PRCS cannot be returned to prison for violation of his or her postrelease supervision agreement." (*Espinosa*, at p. 639.) Second, the Department of Corrections and Rehabilitation has no jurisdiction over persons subject to PRCS. (*Ibid.*) Third, the statute which mandates PRCS (§ 3451, subd. (a)) begins with the phrase, "Notwithstanding any other law." (*Espinosa*, at p. 639.)

The above distinctions do not apply to a person resentenced pursuant to section 1170.18.  Subdivision (d) expressly provides that a resentenced person "is subject to Section 3000.08 parole supervision by the Department of Corrections and Rehabilitation and the jurisdiction of the court . . . for the purpose of hearing petitions to revoke parole and impose a term of custody."  Subdivision (d) does not contain the phrase "[n]otwithstanding any other law."

The Attorney General argues the well-established law discussed above does not apply to parole and fines under section 1170.18.  She relies on the plain language of subdivision (d), and the voters' intent in enacting it.  Subdivision (d) states, "A person who is resentenced pursuant to subdivision (b) shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence. . . ."

But the plain language of subdivision (d) does not mention fines.  Nor does it state that the defendant shall *serve* a period of parole, only that the defendant shall be "subject" to parole.  Under section 2900.5, all defendants who are "subject" to parole — not simply those resentenced under section 1170.18 — may end up serving only a part of, or none of, their established parole period.

As to the voters' intent, we must assume they "had in mind existing law when they enacted Proposition" 47.  (*People v. Woodhead* (1987) 43 Cal.3d 1002, 1012.)  Indeed, subdivision (m) of section 1170.18 provides, "Nothing in this section is intended to diminish or abrogate any rights or remedies otherwise available to the petitioner or applicant."

The Attorney General contends this interpretation "would lead to the absurd result" that criminals sentenced to greater prison terms would have the most credits and "be in the best position to avoid having to serve their year on parole."  But we must exercise caution in applying the "'absurd result' rule."  (*California School Employees Assn. v. Governing Bd. of South Orange County Community College Dist.* (2004) 124 Cal.App.4th 574, 588.)  And, in any case, it is not "absurd" to shorten or eliminate the

11

parole period for those pre-Proposition 47 felons who have served the most time.  To the contrary, doing so serves the legislative goals of section 2900.5.  Reclassified offenses are nonserious, nonviolent theft or drug crimes.  Persons resentenced under section 1170.18 have been found by a court *not* to pose an unreasonable danger to the public.  By giving such persons, to the extent possible, full credit for long excess custody periods, the discrepancy in punishment between pre- and post-Proposition 47 offenders is diminished.  And, by giving offenders credit for *presentence* custody, the system treats indigent persons more fairly.

The recent decision in *People v. McCoy* (2015) 239 Cal.App.4th 431 expands on the analysis in *People v. Hickman* (2015) 237 Cal.App.4th 984, review granted August 26, 2015, S227964, and disagrees with *People v. Morales* (2015) 238 Cal.App.4th 42, review granted August 26, 2015, S228030.  (*McCoy*, at pp. 433-434, 438-439.)  *McCoy* restates the *Hickman* court's view that section 2900.5, subdivision (c) has no application to the "new species of misdemeanor parole" imposed under section 1170.18, subdivision (d).  (*McCoy*, at p. 433.)  We do not so easily disregard the plain words and legislative goals of section 2900.5.  Accordingly, we continue to respectfully disagree with the holding and rationale of both *McCoy* and *Hickman*.

*The Court Properly Set the Amount of Defendant's Restitution Fine and Parole Revocation Fine*

Defendant contends his restitution fine (§ 1202.4, subd. (b)) and parole revocation fine (§ 1202.45, subd. (a)) should be reduced to the applicable misdemeanor fines.  Defendant committed his offense in July 2011 and was assessed $200 for each fine.  He asserts each such fine should be $100 for a misdemeanor committed in 2011.

12

Generally, a court must impose a restitution fine on a person convicted of a crime.  (§ 1202.4, subd. (b).)  Although the court has discretion in setting the amount of the restitution fine, "commensurate with the seriousness of the offense," the restitution fine for a misdemeanor conviction must *not be less than* $120 starting on January 1, 2012, $140 starting on January 1, 2013, or $150 starting on January 1, 2014, and *not more than* $1,000.  (§ 1202.4, subd. (b)(1).)  If the convicted person's sentence includes parole, the court must impose an additional parole revocation fine in the same amount as the restitution fine.  (§ 1202.45, subd. (a).)  Thus, the fines imposed by the court in December 2014 were lawful under current law, since they did not exceed $1,000 each.

Even if defendant's current fines should be governed by the law in effect when defendant committed his January 2011 offense (an issue we do not decide), former section 1202.4, subdivision (b)(1), as in effect in January 2011, provided that the restitution fine for a misdemeanor must *not be less than* $100, and *not more than* $1,000. (Stats. 1996, ch. 629.)  Section 1202.45, subdivision (a) read the same in January 2011 as it does now.   (Unchanged by Stats. 2011, ch. 358, § 1.)  Thus, the fines imposed by the court in December 2014 were lawful under former law, since they did not exceed $1,000 each.

Because the fines were lawful under current law and the law in effect in January 2011, defendant's failure to object below to the court's exercise of its discretion in setting the amount of the fines has forfeited the contention on appeal.  (*People v. Pinon* (2015) 238 Cal.App.4th 1232, 1241; *People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218 [when fines imposed by court are permitted by law, the defendant's failure to object below forfeits challenge on appeal].)

13

DISPOSITION

The matter is remanded to the trial court with instructions to recalculate defendant's parole period and fines consistently with this opinion. The court shall apply defendant's excess custody credits first against his subdivision (d) parole period and then, if any excess custody credits remain, against any eligible fines defendant owes (but not against his restitution fine).

IKOLA, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


ARONSON, J.

14