Filed 6/22/15  P. v. Anderson CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B257454 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA067817) |
| v. | |
| RODNEY ANDERSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kathryne A. Stoltz, Judge.  Affirmed in part, reversed in part.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, JR, Supervising Deputy Attorney General, and Allison H. Chung, Deputy Attorney General, for Plaintiff and Respondent.

Defendant, Rodney Anderson, appeals after he was sentenced to 19 years, 8 months in state prison for committing two violent felonies and because of his prior serious felony conviction. After reviewing the record, appointed appellate counsel filed an opening brief in which no issues were raised. Instead, appointed appellate counsel requested we independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284.) There are no arguments that are potentially favorable to defendant that can be raised. After conducting our independent review, we concluded there was a potential jurisdictional error in connection with the presentence credit award and requested further briefing. (See *People v. Karaman* (1992) 4 Cal.4th 335, 349, fn. 15; *People v. Chilelli* (2014) 225 Cal.App.4th 581, 591.)

Defendant was given credit for 542 days of actual presentence credit and 81 days of conduct credits. (Pen. Code, §§ 2900.5, subd. (a); 2933.1, subd. (c).) We conclude there is no substantial evidence which supports this particular calculation of presentence credits. According to the probation report, defendant was arrested on June 4, 2011. But according to the preliminary hearing testimony, defendant was arrested on January 4, 2011. According to the clerk's minutes, defendant remained in custody for certain until March 28, 2012. According to the bail bond in the superior court file, defendant posted bail on April 3, 2012. Thus, assuming the preliminary hearing testimony is correct as of April 3, 2012, when released on bail, defendant had served 455 days in custody.

On January 2, 2013, defendant failed to appear in court as ordered and a bench warrant for his arrest was issued. Defendant remained out of custody until November 13, 2013, when he was arrested in Las Vegas, Nevada. According to Clark County, Nevada correctional records, as of November 19, 2013, defendant had a scheduled preliminary hearing on December 2, 2013. The same custody records show defendant was also held as a fugitive from another state. Also, on November 19, 2013, a Nevada official sent an e-mail to Los Angeles County Deputy District Attorney Alex Huntsman. The e-mail requested a decision be made by the Los Angeles authorities as to whether they desired that defendant be extradited as a result of the pending arrest warrant. On November 21,

2013, a representative of the Office of the Los Angeles County District Attorney expressed its desire that defendant be extradited. On an uncertain date, defendant received a six-month jail sentence as a result of his conviction for making a false statement. After being returned from Las Vegas, defendant appeared in the trial court on May 21, 2014. Defendant was later sentenced on June 27, 2014.

As noted, when sentenced in Los Angeles, defendant received 542 days of credit for time actually served in custody. Defendant was in custody for 226 days between November 13, 2013, his Clark County, Nevada arrest date, and when he was sentenced on June 27, 2014. When the 455 days served prior to posting bail is added to the 226 days served after defendant's Clark County, Nevada arrest, he served 681 days in actual custody. However, as we will note, there is an issue of improper double credits.

No doubt, defendant is entitled to credit for time spent awaiting extradition to California. (*In re Watson* (1977) 19 Cal.3d 646, 648, 650-654; *People v. Underwood* (1984) 162 Cal.App.3d 420, 424 [*Watson* rule does not apply if the accused is sentenced in the other state]; *People v. Joyner* (1984) 161 Cal.App.3d 364, 369 [*Watson* rule inapplicable to custody served because of an offense unrelated to resisting extradition].) But defendant is *ineligible* for credit for the time he actually served on the Clark County charge which resulted in a conviction. While awaiting trial or case settlement and as a sentenced prisoner in the Las Vegas jail, defendant was not entitled to presentence credits in this case. (*In re Joyner* (1989) 48 Cal.3d 487, 489-493; *In re Rojas* (1979) 23 Cal.3d 152, 156-157.) Complicating matters though is there is no evidence as to when defendant completed service of his Las Vegas jail sentence. Under Nevada law, defendant potentially was entitled to presentence credits for time actually served. (Nev. Rev. Stats, § 176.055.) In addition, defendant could, depending on the circumstances, receive credits for acting in an "obedient, orderly and faithful" manner while in custody in a local detention facility. (Nev. Rev. Stats, § 211.320, subd. (1)(a).) Our record does not reflect when defendant completed his Nevada sentence.

Thus, in order to properly calculate defendant's presentence credit award, it will be necessary for the trial court to determine the date when defendant completed his Las

3

Vegas jail sentence. Then, that number, the time awaiting trial or case settlement and until the completion of his sentence, must be deducted from the 226 days served after defendant's Clark County arrest. The resulting number must be added the 455 days served by defendant prior to posting bail on April 3, 2012. Then, the trial court is to recalculate the amount of presentence conduct credits given his conviction of two violent felonies. (Pen. Code, §§ 459-460, subd. (a), 667.5, subd. (c)(21), 2933.1, subd. (c).)

The judgment of conviction and state prison sentences are affirmed. The calculation of presentence credit is reversed. Upon remittitur issuance, the trial court is to recalculate defendant's presentence credits as discussed in the body of this opinion. The superior court clerk is to then serve a corrected abstract of judgment on the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

KRIEGLER, J.

KIRSCHNER, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.